UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAYNE GORDON | * | CIVIL ACTION NO. 17-8052 |
| | * | |
| | * | SECTION: "L"(1) |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| JOHN DOE, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Wayne Gordon filed the above-captioned matter in this Court in which he raises claims against the defendants arising out of the attempted purchase of a truck. Gordon alleges that he engaged an individual named George Smith to purchase a pickup truck on Gordon's behalf at an auction in Mississippi. Gordon says that he released a deposit of $1,000 towards the $5,600 purchase price to Smith, but never received the truck. He appears to allege he paid an additional $4,900 to Smith. Gordon does not name Smith as a defendant.[1] He names Manheim Mississippi ("Manheim") and its owner named as John Doe; Manheim's receptionist Lacey Langino; another Manheim receptionist named as Jane Doe; and Manheim's insurer named as XYX Insurance Company. He alleges that all defendants are Mississippi citizens. It appears he alleges that Manheim was the auction house or the seller of the vehicle he attempted to purchase.

On September 1, 2017, the Court ordered Gordon to show cause by Friday, September 29, 2017, as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii). Alexander responded in writing on September 11, 2017.

---

[1] The Court notes that in an earlier filed action in another section of this Court, Gordon appears to have alleged the same facts as those asserted here, but in that lawsuit, he named George Smith and Gas Boyz Custom Sales and Service (both Louisiana citizens) as defendants in addition to Manheim and Langino. See Gordon v. Smith, No. 17-5192, Rec. Doc. 1 (E.D. La. May 25, 2017). That lawsuit was dismissed for lack of subject matter jurisdiction.

1

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, § 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

Further, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court "'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

2

Gordon asserts his claims arise under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). Generally, three elements must be established in a §1983 action: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor. Marceaux v. Lafayette City-Parish Consol. Gov't, 921 F. Supp. 2d 605, 621 (W.D. La. 2013). The defendants to this action are a private company, the owner and certain employees of that company, and the insurer of that company. Generally, actions of a private company are not considered actions taken by a state actor under color of state law. Gordon has not alleged any reason why Manheim, its employees, or insurer should be considered a state actor. In his written statement in response to the Court's Rule to Show Cause Order, Gordon insists that Manheim's actions are "fairly attributable to the State" because "all suits of a civil nature at common law or in equity to which the corporation shall be a party shall be deemed to arise under the laws of the United States"[2] and that this statutory language supports "the close nexus granting Smith's corporation, as well as Manheim, deemed state actors." But the statute cited by Gordon is inapplicable to his case—the "corporation" referred to in the quote is the Federal Deposit Insurance Corporation.[3]

Gordon also insists that "Manheim is a corporation that serves the public pursuant to state law (via insurance contract-policy). The defendants acted under color of state law while exercising their responsibilities pursuant to state law." While it is not entirely clear what Gordon means by this statement, it appears that he argues that because Manheim is organized under state law and subject to state law, its actions amount to state action. That is not enough. Although in its Rule to

---

[2] Gordon cites D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp., for the quoted language. 315 U.S. 447, 455 n.2 (1942). The D'Oench case involved a lawsuit initiated by the Federal Deposit Insurance Corporation to collect on a demand note. Id. at 455. The FDIC invoked federal jurisdiction under a statute authorizing it to sue or be sued "in any court of law or equity, State or Federal" and providing that suits "to which the Corporation shall be a party shall be deemed to arise under the laws of the United States." The "corporation" in the language cited by the Supreme Court and cited by Gordon here in support of his argument, refers to the FDIC. The statute appears in its current form at 12 U.S.C. §§ 1811; 1819. Plainly, the FDIC is not a party to this lawsuit.

[3] See footnote 1, infra.

Show Cause Order, this Court invited Gordon to explain what actions of the Defendants could be considered actions of a state actor or actions under color of state law, Gordon has not provided facts supporting an inference that Manheim or any of the other Defendants were acting under color of state law in engaging in the sale and/or auction of the truck. Accordingly, the Court finds that no jurisdiction exists under Sections 1983 and 1985 and, by extension, the Constitution.

To the extent Gordon attempts to rely on diversity jurisdiction, his Complaint does not meet the requirements of 28 U.S.C. § 1332. In order for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of all of the plaintiffs must be different from the citizenship of the defendants and the amount in controversy must be in excess of $75,000. 28 U.S.C. § 1332; see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). The amount in controversy is determined by consideration of the complaint itself. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961).

Without a constitutional claim, Gordon's lawsuit might be construed as asserting a tort or breach of contract claim arising out of the actions of Smith and the Defendants. He prays for damages in excess of $1,000,000. However, the factual allegations of the complaint reveal that, at most, his alleged damages amount to the $5,900 which he says he paid without receiving the pickup truck he was promised. Under the facts alleged, there appears to be no legal basis that would sustain additional damages sufficient to surpass the $75,000 jurisdictional requirement. In his brief in response to the Court's Rule to Show Cause Order, Gordon points out that the amount in controversy must be determined by the Complaint itself. Gordon is correct that in assessing the amount of controversy, generally "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938). But as the Supreme Court also said in St. Paul Mercury, "if, from the face of the

pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." Here, Gordon's claim to $1,000,000 is completely without factual or legal basis. It is a legal certainty that he cannot recover more than $75,000. In his brief, Gordon cites an insurance policy with a coverage of $1,000,000. To the extent such a policy exists and is implicated by this lawsuit, the policy limits cannot reasonably be equated with the defendants' potential liability for Gordon's claims. Gordon says his complaint discloses other damages—but he points to none. The most the Court can find is a vague allegation to "pain and suffering." But this case appears to be one for breach of contract, fraud, or possibly violation of consumer protection statutes. Such causes of action do not support awards of damages for pain and suffering. Even with triple damages or punitive damages (which may be available in certain situations[4]), Gordon's damages do not reach $75,001. Accordingly, Gordon's Complaint fails to meet the amount in controversy requirement of 28 U.S.C. § 1332, and he cannot establish diversity jurisdiction even if the parties are completely diverse.

The Court finds that it lacks subject matter jurisdiction over Gordon's claims under § 1331 or § 1332. Accordingly

---

[4] Under the Louisiana Unfair Trade Practices and Consumer Protection Act, "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained." La. Stat. Ann. § 51:1409. Gordon has neither cited this statute nor alleged that the attorney general put any of the defendants here on notice. Moreover, it appears the actions he complains of—at least as to the defendants in this lawsuit--occurred in Mississippi. Mississippi's consumer protection statute does not provide for multiples of actual damages. Miss. Code. Ann. § 75-24-15. Although in some cases punitive damages might be available, such damages are generally limited to single digit multipliers of the actual damages. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003). Higher multipliers than the 2, 3, or 4, that the Supreme Court has previously upheld might be necessary when "a particularly egregious act has resulted in only a small amount of economic damages." Id. While Gordon's complaint is peppered with words like "malicious," he has not alleged any facts indicating a particularly egregious act that would require an extraordinary punitive damages award. Here, even ten times Gordon's purported damages of $5,900 is still less than $75,000.

**IT IS RECOMMENDED** that this lawsuit be DISMISSED for lack of subject-matter jurisdiction, without prejudice to the filing of Plaintiff's claims in the appropriate state forum.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of November, 2017.

_____
Janis van Meerveld
United States Magistrate Judge